ORIGINAL

Complaint
NORMAN K.K. LAU
Attorney At Law
A Law Corporation

NORMAN K.K. LAU  1795
820 Mililani Street, Suite 701
Honolulu, Hawaii  96813
Telephone No.:  (808) 523-6767
FAX No.:        (808) 523-6769
Email: norm@normlau.com

Attorney for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 16 2007

at 9 o'clock and 00 min A.M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CONCETTA DILEO, | CIVIL NO. CV07-00139 DAE LEK |
| Plaintiff, | COMPLAINT; EXHIBITS 1-4; JURY DEMAND; SUMMONS |
| vs. | |
| PROGRESSIVE MANAGEMENT SERVICES; TONY STARKS | |
| Defendants. | |

COMPLAINT

COMES NOW, Plaintiff, by and through her undersigned attorney, and alleges as follows:

I.  **INTRODUCTION**

1.  This Complaint is filed and these proceedings are instituted under the "Fair Debt Collection Practices Act" 15 U.S.C. § 1692, et. seq., (hereinafter the Act), H.R.S. §480-2, and H.R.S. Chapter 443B to recover actual and statutory damages, reasonable attorney's fees and costs of suit due to Defendants'

violations all of which occurred within one year from the filing date of this Complaint.

## II. JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 15 U.S.C. §1692k(d). This Court also has supplemental jurisdiction over the state law claims because they arise from a common nucleus of operative facts.

## III. FACTUAL ALLEGATIONS

3. Plaintiff Concetta Dileo is a natural adult person, is a consumer as defined in 15 U.S.C. §1692a(3) and H.R.S. §480-1, a debtor as defined in H.R.S. §443B-1, and is a resident of the State of Hawaii at all relevant times herein.

4. On information and belief, Defendant Progressive Management Systems (hereafter referred to as PMS) is a California corporation. Defendant PMS attempted to and did collect a debt, as defined in 15 U.S.C. §1692a(5) and H.R.S. §443B-1, in Hawaii from Plaintiff. Defendant PMS is a debt collector as defined in 15 U.S.C. §1692a(6) and a collection agency as defined in H.R.S. §443B-1.

5. On information and belief, Defendant Tony Starks (hereafter referred to as Defendant Starks) is an employee of Defendant PMS at all relevant times herein. Defendant Starks attempted to and did collect a debt, as defined in 15 U.S.C. §1692a(5), from Plaintiff, a consumer as defined in H.R.S. §480-

1, in Hawaii on behalf of a third-party. Defendant Starks is a debt collector as defined in 15 U.S.C. §1692a(6). All of Defendant Starks' collection activities against Plaintiff are also the acts of Defendant PMS because they are all debt collectors and Defendant Starks' activities were conducted in the course and scope of his employment.

6. On or about December 8, 2006, Defendants sent Plaintiff a collection letter, requesting $138.29 as the principal balance and $24.89 for Collection Fees for a total of $163.18. (Exhibit 1).

7. Plaintiff was confused by the collection letter from Defendant PMS since the listed Original Creditor was a company to which Plaintiff did not owe any money.

8. On or about January 26, 2007, Plaintiff sent a check numbered 268 via certified mail, return receipt requested, to Defendants for payment of the amount of $163.18 even though she did not owe the money because she was worried about her credit report being adversely affected if this debt was reported to the credit bureaus. (Exhibit 2).

9. On or about January 30, 2007, Defendant PMS signed for the payment from Plaintiff for the alleged debt in the amount of $163.18. (Exhibit 3).

10. On or about January 31, 2007, Defendant PMS deposited check number 268 from Plaintiff for the alleged debt into Bank of

the West for payment.  (Exhibit 4).

11.   On or about February 2, 2007, Plaintiff's bank debited check number 268 for the alleged debt to Defendant PMS.

12.   The underlying debt Defendants collected was primarily for personal, family, or household purposes.

## IV.   CLAIMS FOR RELIEF

COUNT 1

13.   Plaintiff realleges and incorporates paragraphs 1-12 herein.

14.   By their actions, Defendants violated 15 U.S.C. §1692e, in general, and including, but not limited to, subsections (2)(A)and (B) and (10), in particular.

COUNT 2

15.   Plaintiff realleges and incorporates paragraphs 1-12 herein.

16.   By their actions, Defendants violated 15 U.S.C. §1692f( c), in general, and including, but not limited to, subsection (1) in particular.

COUNT 3

17.   Plaintiff realleges and incorporates paragraphs 1-12 herein.

18.   By their actions, Defendants violated 15 U.S.C. §1692g (a)

COUNT 4

19.  Plaintiff realleges and incorporates paragraphs 1-12 herein.

20.  By their actions, Defendants violated H.R.S. §443B-9(a).

COUNT 5

21.  Plaintiff realleges and incorporates paragraphs 1-12 herein.

22.  By their actions, Defendants violated H.R.S. §443B-18, in general, and including, but not limited to, subsections (5) and (8) in particular.

COUNT 6

23.  Plaintiff realleges and incorporates paragraphs 1-12 herein.

24.  By their actions, Defendants violated H.R.S. §443B-19, in general, and including, but not limited to, subsections (3) and (4) in particular.

**V.  PRAYER**

WHEREFORE, Plaintiff prays that this Court:

1.  Award special and general damages as will be proved at trial against all of the Defendants, jointly and severally.

2.  Award statutory damages in the amount of $1,000 for each violation of the Act against all of the Defendants, jointly and severally.

3.  Award a minimum of $1,000 or threefold damages, whichever is greater, pursuant to H.R.S. § 480-13(b)(1) and H.R.S. §443B-20 for violations of H.R.S. Chapter 443B plus costs and reasonable attorney's fees against Defendant PMS.

4.  Award a minimum of $1,000 or threefold damages, whichever is greater, pursuant to H.R.S. § 480-13(b)(1) for violation of H.R.S. §480-2 plus costs and reasonable attorney's fees against Defendants, jointly and severally.

5.  Declare that Plaintiff does not owe the principal of $134.29 and/or the collection fee of $24.89 and enjoin Defendants from attempting to and/or actually collecting collection costs from Plaintiff and others.

6.  Fine Defendant Starks $500 and PMS $1000 respectively pursuant to H.R.S. §443B-14 (a) and (b).

7.  Award pre and post judgment interest; and

8.  Award such other relief this Court deems just and equitable including, but not limited to, attorney's fees and costs.

DATED: Honolulu, Hawaii. March 16, 2007.

_____
NORMAN K.K. LAU
Attorney for Plaintiff